RHODES et al. v. FREEMAN et al.

(Court of Appeals of District of Columbia. Submitted March 3, 1926. Decided June 10, 1926.)

No. 4353.

Chattel mortgages ⬅137, 162—Where proceeds of resale of stock of drugs were required by chattel trust to be applied first on note and then on expenses of sale, purchaser individually charged with expenses of sale had no lien on drugs superior to that of transferee of purchase-money note, nor was transferee's promise after default to pay such claim if goods were surrendered to it supported by sufficient consideration, as purchaser had no right to withhold possession when chattel trust note was in default.

Where stock of drugs was sold, and note secured by chattel trust taken in payment, with provision that, as drugs were sold, proceeds should be applied first on note and then on expenses of sale, and where expenses in shipment and care of goods were advanced by seller and charged to one of purchasers individually, such purchaser had no lien on the goods for the amount so charged to him superior to the lien of the purchase-money note and chattel trust, which he could assert as a set-off in action by transferee of purchase-money note, who had taken possession of unsold portion of such stock, nor was transferee's promise to pay him such amount, made to induce his surrender of the goods, supported by sufficient consideration to be binding, as purchaser had no right to withhold possession of the stock when chattel trust note was in default.

In Error to the Municipal Court of the District of Columbia. .

Action by Fred B. Rhodes and another, receivers of the District Guaranty Corporation, against James P. Freeman and another. Judgment for first-named defendant, sustaining alleged set-off, and plaintiffs bring error. Reversed, and cause remanded.

E. D. Detwiler and W. A. Coombe, both of Washington, D. C., for plaintiffs in error.

A. H. Bell and P. H. Marshall, both of Washington, D. C., for defendants in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The receivers of the District Guaranty Corporation sued Freeman and Dunham in the municipal court to recover the sum of $150, claimed to be due upon a certain promissory note, which was part of the receivership assets. Dunham denied liability, claiming, among other things, that he was only an indorser upon the note, and had been released by the omission of demand and notice. Freeman did not deny liability upon the note, but filed a set-off in the sum of $539.58, based upon a claim thereinafter stated. The receivers contested the alleged set-off, but the municipal court found in favor of it, and rendered a net judgment for Freeman in the sum of $403.59. We now have to review the lower court's finding and judgment in favor of the set-off.

It appears that Staudermann & Hanger, Inc., owned a certain stock of drugs, and sold the same to Freeman and one Levin for $2,750. The purchasers gave their joint note for the entire purchase price, securing the same by a chattel trust, with the provision that as the drugs were sold the proceeds should first be applied upon the note and next to the expenses of the sale. Freeman and Levin then incurred certain expenses in the shipment, care, and sale of the goods; the expenses being advanced by Staudermann & Hanger, Inc., and charged to Freeman individually. Afterwards Staudermann & Hanger, Inc., transferred the $2,750 note to the District Guaranty Corporation, and the note, together with the other assets of the corporation, came into the hands of the plaintiffs as receivers.

In the meantime some of the drugs were shipped to Levin at New York. These were never accounted for by Levin, who is insolvent, and the goods are now beyond reach. Other parts of the stock were sold by Freeman, who claims to have turned the proceeds over to Staudermann & Hanger, Inc., for credit upon the note. On July 18, 1924, a residue of the stock remained in the possession of Freeman, stored with a warehousing company in the city of Washington, and on that day the receivers filed a petition in the Supreme Court of the District of Columbia against Freeman and other defendants, praying the court to order a sale thereof for the payment of the note. Thereupon Freeman turned the goods over to the receivers and the court ordered them to make sale of the same. The record does not disclose the value of the goods, nor whether a sale has yet been made of them.

These facts are relevant as an explanation of Freeman's alleged set-off. His claim is that he still owes Staudermann & Hanger, Inc., the sum of $539.58 as a balance due upon the expenses advanced by that company and charged to him as aforesaid, and that he was entitled to a lien upon the goods while in his possession to indemnify him against that liability, and that, inasmuch as the receivers took possession of the goods, and thereby deprived him of his lien, he is entitled to recover from them the amount of his said indebtedness, to wit, the sum of $593.58. Freeman claims, moreover, that the receivers

agreed to pay this amount to him, and thereby induced him to turn the goods over to them, and that he did so relying upon that agreement. The lower court sustained these claims, and accordingly found in favor of the set-off.

We think this finding erroneous, for the reason that the expenses in question were not to be paid from the sale of the stock until after the $2,750 note was paid in full. The note, in other words, was entitled to a lien upon the goods prior in rank to any claim for expenses incurred by Freeman. Moreover, the note was Freeman's obligation, and until it was paid he could assert no lien upon the goods for any claim due to himself, whatever its character. It is, of course, manifest that the purchase-money note has not been paid, and that the residue of the stock is not sufficient in value to pay it. As for Freeman's claim that the receivers promised to pay him the amount in question in order to induce him to surrender possession of the residue of the stock, it is sufficient to say that there would be no consideration for such a promise, even if made; for Freeman had no right to withhold possession of the goods from the receivers when the purchase-money note secured by the chattel trust was in default, nor was he entitled to impose any such condition upon his surrender of the goods to the receivers.

The judgment of the municipal court is therefore reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.